ACCEPTED
12-14-00220-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/16/2015 1:14:16 PM
Pam Estes
CLERK

**ORAL ARGUMENT REQUESTED**

No. 12-14-00220-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/16/2015 1:14:16 PM
PAM ESTES
Clerk

# COURT OF APPEALS

for the

## TWELFTH DISTRICT OF TEXAS

Tyler, Texas

_____

**EAST TEXAS MEDICAL CENTER GILMER**
                                    Appellant,

v.

**BIRDER PORTER**
                                    Appellee.

_____

Appeal from Cause No. 697-13
115th District Court, Upshur County, Texas
Honorable Lauren Parish, Presiding Judge

_____

**APPELLANT'S REPLY TO APPELLEE'S
SUPPLEMENTAL BRIEF ON APPLICATION OF
*ROSS v. ST. LUKE'S EPISCOPAL HOSPITAL***

_____

Russell G. Thornton
THIEBAUD REMINGTON THORNTON BAILEY LLP
Two Energy Square
4849 Greenville Avenue, Suite 1150
Dallas, Texas  75206
(214) 954-2200 – Telephone
(214) 754-0999 – Telecopier

ATTORNEYS FOR DEFENDANT – APPELLANT
EAST TEXAS MEDICAL CENTER GILMER

October 16, 2015

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ........................................................................... ii

SUMMARY OF ARGUMENT ......................................................................2

ARGUMENT .............................................................................................4

CONCLUSION ..........................................................................................7

PRAYER ...................................................................................................9

CERTIFICATE OF COMPLIANCE .......................................................10

CERTIFICATE OF SERVICE ................................................................11

i

# INDEX OF AUTHORITIES

## TEXAS SUPREME COURT CASES

*Garland Community Hospital v. Rose*,
156 S.W.3d 541 (Tex. 2004) ................................................................................6

*Loaisiga v. Cerda*,
379 S.W.3d 248 (Tex. 2010) ............................................................................2, 4

*Ross v. St. Luke's Episcopal Hospital*,
462 S.W.3d 496 (Tex. 2015) ............................................................................2, 4

No. 12-14-00220-CV

_____

## COURT OF APPEALS

for the

TWELFTH DISTRICT OF TEXAS

Tyler, Texas

_____

### EAST TEXAS MEDICAL CENTER GILMER
*Appellant,*

v.

### BIRDER PORTER
*Appellee.*

_____

Appeal from Cause No. 697-13
115th Judicial District Court, Upshur County, Texas
Honorable Lauren Parish, Presiding Judge

_____

**TO THE TWELFTH COURT OF APPEALS:**

Appellant East Texas Medical Center Gilmer, defendant in Cause No. 697-13 in the 115th Judicial District Court of Upshur County, Texas, Honorable Lauren Parish presiding, pursuant to this Court's August 4, 2015 order, respectfully submits its Reply to Appellee's Supplemental Brief on Application of *Ross v. St. Luke's Episcopal Hospital.* Appellee is Birder Porter, Plaintiff in the district court.

**1**

## SUMMARY OF ARGUMENT

Appellee's Supplemental Brief on Application of *Ross v. St. Luke's Episcopal Hospital* ("Appellee's Supplemental Brief") correctly states an underlying issue is whether or not there is a "substantive nexus" between the safety standards violated and the provision of health care. Appellee's assertion that her claim is not a health care liability claim ("HCLC") fails to address and ignores the context within which this statement was made by the Texas Supreme Court in *Ross,* as well as the overall context of this statement in the existing framework provided by the Texas Supreme Court to use in determining if a claim is an HCLC.

As stated by the Texas Supreme Court, the real issue at hand is whether "the facts underlying a claim *could* support claims against a physician or health care provider for departures from accepted standards of medical care, health care, safety or professional or administrative services directly related to health care…" *Ross v. St. Luke's Episcopal Hospital*, 462 S.W.3d 496, 503 (Tex. 2015)(emphasis in original)(citing *Loaisiga v. Cerda*, 379 S.W.3d 248, 255 (Tex. 2010)). If a claim's underlying facts "*could*" support a safety-standards claim against a health care provider like East Texas Medical Center Gilmer ("ETMCG"), "the claims are HCLCs regardless of whether the plaintiff alleged the defendants were liable for a breach of the standards." *Id.*

ETMCG'S Supplemental Brief establishes that based on existing applicable statutes, regulations and case law, Appellee *could* have asserted a safety claim against ETMCG for alleged departures from accepted standards of health care or safety. For that reason, Appellee's claim against ETMCG is an HCLC as dictated by *Ross* and other existing Texas Supreme Court authority.

In evaluation of the application of *Ross* to this matter, the Court must go beyond the Texas Supreme Court's statement that the issue is whether or not there exists "a substantive nexus between the safety standards allegedly violated and the provision of health care." *Ross*, 462 S.W.3d at 504. One must go beyond that statement because the Texas Supreme Court's analysis and evaluation did not begin and end there. In fact, the Texas Supreme Court went beyond that statement to hold, "***the pivotal issue*** in a safety-standards-based claim is whether or not the standards on which the claim is based ***implicate*** the defendant's duties as a health care provider, including its duties to provide for patient safety." *Id*. at 505 (emphasis added).

In Ross, the Texas Supreme Court placed its "substantive nexus" statement in the context of the existing and still valid concept that "if the facts underlying a claim *could* support claims against a physician or health care provider for departures from accepted standards of medical care health care, or safety or professional or administrative services directly related to health care, the claims are HCLCs regardless of whether plaintiff alleged defendants were liable for breach of the standards." *Id*. at 503 (emphasis in original)(citing *Loaisiga*, 379 S.W.3d at 255). As such, the Texas Supreme Court in *Ross* tells appellate courts and trial courts that the touchstone issue is whether or not a claim's underlying facts

implicate the health care provider's duties as a health care provider. If the healthcare provider's duties as a healthcare provider are implicated, the claim is an HCLC, regardless of whether or not the claimant actually alleges a breach of those duties.

In its Supplemental Brief on Application of *Ross v. St. Luke's Episcopal Hospital* ("ETMCG's Supplemental Brief"), ETMCG establishes and shows that its duties as a health care provider are at least implicated by the underlying facts. Specifically, ETMCG's Supplemental Brief shows that the factual basis of Appellee's claim implicates duties placed on health care providers like ETMCG by federal law, by Texas law, by guidelines from the United States Centers for Disease Control and Prevention ("CDC") and the United States Occupational Health and Safety Administration ("OSHA"), and by regulations and guidelines of the Joint Commission (ETMCG's Supplemental Brief, pages 8-15).

The appellate court authority cited in ETMCG's Supplemental Brief further supports this fact. In particular, ETMCG cites Texas appellate court decisions holding that CDC guidelines, OSHA regulations, and Joint Commission requirements not only provide evidence of the standard of care applicable to a hospital like ETMCG, but have been relied on and used by claimants in Texas to establish the applicable standards of care and a breach of those standards in expert reports served to establish the merits of an HCLC pursuant to Section 74.351 of the

TEXAS CIVIL PRACTICE & REMEDIES CODE (ETMCG's Supplemental Brief, pages 18-19).

Final support for the fact Appellee's claim against ETMCG is an HCLC comes from the Texas Supreme Court's decision in *Garland Community Hospital v. Rose*, 156 S.W.3d 541 (Tex. 2004). In *Rose*, the Texas Supreme Court held that accepted standards of health care are not only implicated, but actually involved, when a hospital's action is governed by combination of existing federal law, state law, and Joint Commission guidelines. *Id.* at 546 (*See also,* ETMCG's Supplemental Brief, page 19).

## CONCLUSION

ETMCG has established that an existing combination of federal law, Texas law, federal guidelines and regulations, and Joint Commission regulations govern the manner in which hospitals like ETMCG must maintain their physical premises, including floors. Because of this existing combination of law, regulations and guidelines that apply to ETMCG's maintenance of its premises and floors, ETMCG's duties as a health care provider and accepted standards of health care and safety are directly involved, or at the very least implicated, by Appellee's slip-and-fall claim.

Further, established case law shows this existing combination of law, regulations and guidelines could have been relied on or used by Appellee to support a claim against ETMCG for an alleged departure from accepted standards of health care or safety. For these reasons, based on the Texas Supreme Court's opinion in *Ross*, as well as other existing Texas Supreme Court authority still entitled to *stare decisis* treatment, Appellee's claim against ETMCG is an HCLC under Chapter 74 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

Of final note, at no place in Appellee's Supplemental Brief on Application of *Ross v. St. Luke's Episcopal Hospital* does Appellee address or rebut with any arguments or authority the authority cited and relied on by ETMCG that establishes the fact Appellee's claim is an HCLC. Appellee simply argues in a

conclusory and superficial manner that there is no substantive nexus between her claim and the provision of health care (Appellee's Supplemental Brief, page 5). ETMCG has shown Appellee's argument to be incorrect and contrary to existing authority. Accordingly, the trial court erred in denying ETMCG's motion to dismiss and the Tyler Court of Appeals should reverse the trial court's denial of ETMCG's motion to dismiss and dismiss Appellee's claim against it with prejudice.

## PRAYER

Because the trial court erred in denying Appellant East Texas Medical Center Gilmer's Motion to Dismiss, Appellant requests that this Twelfth District Court of Appeals:

1.  Reverse the trial court's denial of East Texas Medical Center Gilmer's Motion to Dismiss (CR 36, Appendix "A");

2.  Dismiss with prejudice Appellee's claim against East Texas Medical Center Gilmer, and:

3.  Remand this matter to the trial court for further proceedings consistent with the above actions.

Respectfully Submitted,

THIEBAUD REMINGTON THORNTON BAILEY, LLP

By:/s/Russell G. Thornton
**RUSSELL G. THORNTON**
State Bar Card No. 19982850

4849 Greenville Avenue
Suite 1150
Dallas, Texas 75206
(214) 954-2200
(214) 754-0999 (Fax)
rthornton@trtblaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to TEXAS RULES OF APPELLATE PROCEDURE 9.4(i)(3) Appellant certifies that its Reply to Appellee's Supplemental Brief on Application of *Ross v. St. Luke's Episcopal Hospital*, filed on October 16, 2015, in the Twelfth Court of Appeals, contains <u>1,197</u> words.

/s/Russell G. Thornton
**RUSSELL G. THORNTON**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **16th day of October, 2015**, a true and correct copy of the foregoing document was delivered to counsel listed below:

**VIA E-SERVE &/OR CMRRR:**
Mr. Michael Bernoudy
THE BERNOUDY LAW FIRM
2400 W. Grand Avenue
Marshall, Texas  75670
mlbjr@bernoudylawfirm.com


/s/Russell G. Thornton
**RUSSELL G. THORNTON**